UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CR-455 CAS |
| | ) | |
| LEE A. WHEELER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's "Motion For Reduction of Sentence (Rule 3553 and Rule 3582)." The government opposes the motion. Defendant has not filed a reply memorandum and the time to do so expired on May 31, 2011. For the following reasons, the Court will deny the motion for lack of jurisdiction.

**Background**

Defendant was indicted by a federal grand jury on July 9, 2009, on one count of being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1). On October 20, 2009, defendant entered a plea of guilty to the charge and was sentenced on January 14, 2010, to a term of imprisonment of 46 months, to be followed by a term of supervised release of three years.

**Discussion**

In the instant motion, defendant requests the Court to reduce his sentence based on his successful completion of the Long Term Drug Treatment Program, as well as his successful completion of numerous Adult Education Programs during incarceration. The government opposes the motion on the basis that the Court's ability to modify a sentence is limited by statute, and it lacks the authority to reduce defendant's sentence for the reasons he asserts.

The government is correct. A validly imposed sentence such as defendant's can only be modified under limited circumstances, none of which are applicable to the present case. A district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (quoting 18 U.S.C. § 3582(c) ("'The court may not modify a term of imprisonment once it has been imposed except under specified circumstances.'")).[1]

Subsection (b) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. First, the Court can modify a judgment (1) upon a motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon the motion of the government for substantial assistance, or (3) upon a motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. 18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); see also Fed. R. Crim. P. 35(b). Second, the Court can correct a judgment as permitted (1) upon a motion to correct clear error, or (2) upon appeal of the sentence as provided for by 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(2), 3742; see also Fed. R. Crim. P. 35(a). Third, the Court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(3), 3742. Defendant's motion to modify or reduce sentence does not allege that any of these

---

[1]The Court construes defendant's reference in his motion to "Rule 3582" as referring to 18 U.S.C. § 3582. Defendant's reference to "Rule 3553" presumably refers to 18 U.S.C. § 3553. This statute concerns the imposition of federal criminal sentences, but does not provide a basis for reducing an already-imposed sentence. The Court therefore does not discuss it further.

circumstances apply, and therefore the Court lacks jurisdiction to modify defendant's sentence under § 3582.

In addition, defendant's motion cannot be considered under Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Once the fourteen-day period ends, a court lacks jurisdiction to correct even a legally erroneous sentence. See Austin, 217 F.3d at 597 (discussing former Rule 35(c)). More than fourteen days has passed since defendant was sentenced, and therefore the Court lacks jurisdiction to modify his sentence under Rule 35(a).

Rule 35(b) of the Federal Rules of Criminal Procedure provides that a court may reduce a sentence on motion of the government based on a defendant's substantial assistance in the investigation or prosecution of another person. Rule 35(b) does not apply here, as the government has not filed a motion and defendant does not allege that he offered substantial assistance.

Based on these statutory provisions and rules, the Court cannot modify or reduce defendant's sentence because it lacks the jurisdiction to do so. Defendant's completion of the Long Term Drug Treatment Program and other educational programs while incarcerated is highly commendable, and defendant should be proud of these useful accomplishments. The Court has no authority, however, to reduce defendant's sentence based on these achievements.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "Motion for Reduction of Sentence (Rule 3553 and Rule 3582)" is **DENIED** for lack of jurisdiction. [Doc. 48]

                                                                          /s/ Charles A. Shaw
                                                                          **CHARLES A. SHAW**
                                                                          **UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of June, 2011.